FIRST DISTRICT COURT OF MONMOUTH COUNTY.

THE METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, A CORPORATION, PLAINTIFF, v. E. G. GRANT BROOKER, DEFENDANT.

Decided June 24, 1936.

For the plaintiff, *William Wackenhuth, Jr.*

For the defendant, *Ezra W. Karkus.*

NEWMAN, D. C. J. This action is submitted to the court upon an agreed state of facts which will not be repeated here but will be referred to.

The liability of the defendant to the plaintiff is alleged to arise out of the fact that the defendant was an officer of a corporation against which the plaintiff recovered a judgment; that said corporation failed to file a report in accordance with the requirements of section 25 and 26 of the General Corporation act. Section 25 (2 *Comp. Stat., p.* 1611, § 25) of said act requires the filing of a certificate showing the total amount of capital stock paid and the manner in which it was paid. Section 26 (2 *Comp. Stat., p.* 1612, § 26) provides, that if any of said officers shall neglect or refuse to perform the duties required of them in preceding section for thirty days after written request so to do by a creditor or stockholder of the corporation, they shall be jointly and severally liable for all its debts contracted before the filing of such certificate.

The corporation was dissolved by a proclamation of the governor. Thereafter, plaintiff notified defendant to file said report. He attempted to do so but it was refused by the

secretary of state. Section 143 of the Corporation act makes it a misdemeanor for any person to exercise or attempt to exercise any powers under the charter of a corporation dissolved by the governor.

The position of the defendant was therefore, if we accept the contention of the plaintiff as being correct, that he, the defendant, must file the required report and at the same time he was prohibited by the law and guilty of a misdemeanor if he did file the report.

I do not think that this can be the intent of the law. In my opinion these officers are required to file a report only during the corporate existence of the company. When the company is dissolved they cease to be officers and therefore cannot act. They simply become trustees of the company's property for the purpose of winding up its affairs. I therefore hold that inasmuch as the notice of the plaintiff to the defendant to file the report was made after the dissolution of the corporation, that it was too late and therefore gives rise to no cause of action by the plaintiff against the defendant.

Therefore, let judgment of no cause for action be entered.